OPINION OF THE COURT
John A. Fusco, S.
In this pending probate proceeding, the decedent died a resident of Richmond County on June 27, 2001, survived by an adopted daughter, Jennifer A. Bragerton (Bragerton), and an alleged nonmarital daughter, Suzanne Manly Knudsen (Knudsen). An instrument purporting to be his last will and testament, dated August 27, 1996, is offered for probate by Bragerton, the nominated executrix and sole beneficiary therein. Knudsen opposes the probate of said instrument; *683 however, before interposing objections she must establish her paternity, thereby giving her standing to object.
A paternity hearing was held pursuant to EPTL 4-1.2 to determine the status of Knudsen as a distributee. At this hearing, decedent’s twin brother, Carl W. Nasert, testified on behalf of Knudsen. During his testimony, he offered to make himself available for DNA identification testing, if it would aid the court in determining Knudsen’s paternity.
The courts in this jurisdiction first accepted the reliability of DNA fingerprinting in 1988 in criminal matters. In People v Wesley (140 Misc 2d 306, 308, affd 183 AD2d 75, affd 83 NY2d 417), the court stated:
“DNA Fingerprinting is a genetic and molecular biological process that has its basis in the fact that each individual has an entirely unique genetic ‘signature,’ derived in turn from the fact that the overall configuration of the DNA, found in every cell in the human body (and for that matter, in every living organism) containing a nucleus — over 99% of the cells of the human body — is different in every individual except in the case of identical twins. This fact is not only generally accepted by the scientific community to which it is related, but is uniformly accepted therein.” (Emphasis added.)
Since that time DNA testing also has been extended to paternity issues in civil matters (see, Matter of Baby Girl S., 140 Misc 2d 299 [wherein the Surrogate recognized the validity and reliability of DNA testing]). Indeed, EPTL 4-1.2 (a) (2) now provides that a nonmarital child is the legitimate child of his father so that he and his issue inherit from his father if: “(C) paternity has been established by clear and convincing evidence and the father of the child has openly and notoriously acknowledged the child as his own; or (D) a blood genetic marker test had been administered to the father which together with other evidence establishes paternity by clear and convincing evidence.”
In Matter of Sandler (160 Misc 2d 955), the court extended DNA testing to collateral relatives of the decedent. The Surrogate therein pointed out that she had earlier prohibited the exhumation of a putative father’s body for the purpose of DNA testing holding that under clause (D) of EPTL 4-1.2 (a) (2) the test had to be administered to the father during his lifetime. However, she found no prohibition against establishing paternity by the DNA testing of the putative paternal grandpar *684 ents in an effort to provide the “clear and convincing evidence” that is required to establish paternity under clause (C) of EPTL 4-1.2 (a) (2).
The court could find no instance where DNA testing was done on an identical twin to establish paternity of a decedent. Inasmuch as the court, however, was not satisfied that the strict requirements of EPTL 4-1.2 (a) (2) (C) had been met, the court ordered the voluntary testing of Carl W. Nasert, decedent’s identical twin, who shares the identical DNA of the decedent.
This testing resulted in a report indicating “[I]f it is true that these brothers are identical twins, and if the child’s mother admits to relations with Robert and not Carl, then Robert Nasert cannot be excluded as the biological father of Suzanne B. Manly Knudsen. Based upon the above genetic testing results, the probability of paternity is 99.96%.”
Both sides concede that Carl is indeed the identical twin of the decedent. Furthermore, there was uncontroverted testimony that the child’s mother had a sexual relationship exclusively with the decedent (and not his brother, Carl) during the critical period of conception.
The court therefore gives great weight to the result of the genetic test report as if the testing had been done on the decedent himself before his demise. Accordingly, the court finds the requirements of clauses (C) and (D) of EPTL 4-1.2 (a) (2) to have been satisfied. Suzanne Manly Knudsen is determined to be a distributee of Robert Nasert with standing to oppose the probate of the instrument purporting to be his last will and testament. Counsel are directed to telephone the Law Department of this court to schedule an SCPA 1404 examination of attesting witnesses.