Matter of McGuire (2024 NY Slip Op 50167(U))

[*1]

Matter of McGuire

2024 NY Slip Op 50167(U)

Decided on February 15, 2024

Surrogate's Court, Erie County

Mosey, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 15, 2024
Surrogate's Court, Erie County

In the Matter of the Estate of Francis J. McGuire, 
 A/K/A FRANK J. McGUIRE, Deceased.

File No. 2020-3580/E

CHIACCHIA & FLEMING LLP
Attorneys for Claimant Jordan A. Tripi
Daniel J. Chiacchia, Esq., of Counsel
BOYLAN CODE LLP
Attorneys for Co-Executors Thomas C. D'Agostino
And Michael J. McGuire
Michael F. Buckley, Esq., of Counsel
COLE, SORRENTINO, HURLEY, HEWNER & GAMBINO, P.C.
Attorneys for Respondents F. James McGuire
And Jacquelyn McGuire Gurney
Thomas F. Hewner, Esq., of Counsel
LIPPES MATHIAS, LLP
Attorneys for Respondent Kathleen McGuire
Courtney Donahue Tasner, Esq., of Counsel
MAGAVERN MAGAVERN GRIMM LLP
Attorneys for Respondent Jeanne Marie McGuire
Ellen G. Spencer, Esq., of Counsel

Acea M. Mosey, S.

Decedent died at age 92 on July 7, 2020. His Will, dated June 12, 2017 (with Codicil dated November 28, 2018), was admitted to probate without objection on March 24, 2021, and full letters were issued to the nominated co-executors Thomas C. D'Agostino, Esq. and Michael J. McGuire.
Decedent's distributees, as set forth in the probate petition dated October 30, 2020, were listed as his surviving spouse, Donna M. McGuire, and seven children: Michael J. McGuire, Kathleen McGuire, Jeanne Marie McGuire, F. James McGuire, Jacquelyn McGuire Gurney, [*2]Charlene McGuire Patterson (f/k/a Charlene McGuire Ruiz) and Kelly McGuire. Article THIRD of decedent's Will provides that decedent's children are those seven individuals just listed, as well as any children born after execution of the Will.
Jordan A. Tripi [hereafter, Jordan], filed a notice of claim dated January 23, 2023, asserting that she was a biological child of decedent's and, therefore, one of his distributees. Thereafter, Jordan filed an application seeking an Order from this Court requiring a known biological child of decedent's to submit to a DNA test in order to confirm that decedent is Jordan's biological father. As stated in her supporting affidavit, Jordan was born on XX XX, 1991, and for most of her life knew her mother to be Carolyn Tripi (hereinafter Carolyn) and her father to be John Tripi, Jr. (hereinafter John). In 2021, Jordan submitted a DNA sample to a testing service and received results indicating Irish lineage but no Italian lineage, which was unexpected because John was Italian. Significantly, the results also indicated that Jordan is likely related as a cousin to decedent's nephews John McGuire (who submitted an affidavit in support of Jordan's application) and Bryan McGuire.
Jordan's mother Carolyn also submitted an affidavit in support of Jordan's motion. Carolyn states that she had had an extra-marital sexual relationship with decedent in the summer and fall of 1990, ending when Carolyn informed decedent that she was pregnant with the child who is Jordan. While initially denying to Jordan any knowledge that would explain the unexpected DNA test results, Carolyn finally admitted her relationship with decedent to Jordan following John's death in 2022; and Carolyn now states her belief that decedent is Jordan's biological father.
Jordan argues that the production of a DNA sample of a party is permitted under EPTL 4-1.2(a)(2)(C) without any showing that a decedent openly and notoriously acknowledged that person as his child. Jordan also urges that DNA testing of a family member should be ordered where no DNA of decedent's is readily available, and that such testing is minimally invasive and reliable.
The executors and all but two of the seven named children of decedent's (collectively, the respondents) oppose Jordan's application. Respondents argue 1) that EPTL 4-1.2 applies to intestate estates only and cannot be applied to a probate estate, 2) that compelling genetic testing requires a balancing of factors, including privacy concerns and whether such testing is practicable and reasonable under the totality of the circumstances, and 3) that, even if Jordan is found to be a child of decedent's, decedent's children are not beneficiaries under the Will and the likelihood of successfully challenging the validity of the Will is remote.
Jordan argues in reply that Article 4 of the EPTL can provide guidance in testate estates, that DNA testing is not (unduly) invasive, and that the privacy interests involved are minimal. Although Jordan acknowledges that a Will contest in this estate might be difficult, a finding that she is decedent's biological child would entitle her to discovery regarding non-probate assets.
The matter having been finally submitted, I now find and decide as follows.
(I)
Respondents argue that Jordan's reliance on EPTL 4-1.2(a)(2)(C) to compel the production of a DNA sample is misplaced in a testate estate. While contained in EPTL Article 4 ("Descent and Distribution of an Intestate Estate"), this provision provides guidance to the determination of whether a nonmarital child is entitled to be considered a distributee in a testate estate. And, although respondents note that most of the cases cited by Jordan pertain to intestate [*3]estates, cases such as Matter of Sandler, 160 Misc 2d 955 [1994] and Matter of Nasert, 192 Misc 2d 682 [2002] both apply EPTL 4-1.2(a)(2)(C) in testate estates. Further, the statute itself applies EPTL 4-1.2 in testate matters. EPTL 2-1.3 construes a disposition of property to persons described in an instrument as issue, children, descendants, and the like, as inclusive of nonmarital children of a decedent-father if the children would be entitled to inherit from such father under EPTL 4-1.2.
I find, therefore, that DNA testing may be ordered in a testate estate pursuant to EPTL 4-1.2(a)(2)(C).
It has long been recognized that "[t]he state of technology for DNA testing... has advanced to the point that it can determine paternity to a 99-100% scientifically acceptable certainty" (Matter of Santos, 196 Misc 2d 972, 973 [2003]). That being so, I find that ordering DNA testing of one of decedent's children is appropriate and not unduly burdensome. In Matter of Sandler, supra, the Court granted an application for DNA testing of an alleged nonmarital child of the decedent's, the mother of that child, and of decedent's parents, in order to determine paternity of that nonmarital child when the decedent's DNA was not readily available. The Sandler Court also determined that drawing the blood of a seven-year-old child for such a test was not too invasive. Here, Jordan proposes testing using a saliva swab, a procedure far less "invasive" than the blood testing directed in Sandler. 
Respondents also suggest that their privacy rights outweigh Jordan's interests here. Specifically, it has been asserted that "all cases such as this one" could result in the revelation of "information that could tarnish a child's memory of his or her parents and split family members apart". That same affidavit recites decedent's three marriages. Here, the affidavit of John McGuire, Esq., decedent's nephew through decedent's younger brother, Gerald McGuire, has already revealed Jordan's DNA connection to him [John McGuire] and to this McGuire family. That, coupled with the affidavit of Jordan's mother recounting her pregnancy with Jordan as a result of her extra-marital relationship with decedent, has already lifted any veil of privacy about McGuire family members. And, John McGuire also makes the point that a conclusive determination of whether decedent is Jordan's biological father is also warranted "[i]n the interest of fairness to the decedent". 
I find, therefore, that any such privacy rights as have been asserted here are outweighed by Jordan's interests in determining conclusively whether decedent was her biological father.
Finally, if DNA testing establishes Jordan's status as decedent's biological child, whatever hurdles Jordan might thereafter face in seeking to challenge decedent's Will is a matter about which speculation is wholly inappropriate. Such a challenge would be a matter for another day and cannot bear on the DNA testing issues now before me.

 (II)
Accordingly, the relief requested by Jordan in the Order to Show Cause dated June 5, 2023, is hereby granted, and DNA testing of one of decedent's seven known biological children is hereby ordered. However, to work out the details of how such testing should be done — by saliva swab or otherwise — and from whom the sample should be taken, all issues which were not addressed with any specificity by the parties in their papers, I set this matter down for a status appearance and conference on Wednesday, March 20, 2024, at 9:30 a.m.
This decision shall constitute the Order of this Court, and no other or further order or decree shall be required.
DATED: February 15, 2024
BUFFALO, NEW YORK
HON. ACEA M. MOSEY
Surrogate Judge